**In re 21'st CENTURY SATELLITE, COMMUNICATIONS, INC., Debtor.**

**21st Century Satellite Communications, Inc., and 21st Century Satellite Communications, Inc. Liquidating Trust, Plaintiffs,**

**v.**

**Robert S. Byrch, et al., Defendants.**

**Bankruptcy No. 01–08592–8P1. Adversary No. 04–380.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 31, 2005.

Thomas A. Lash, Saxon, Gilmore, Carraway, et al., Lead Attorney, Jeffrey W. Warren, Tampa, FL, for Debtor.

Larry S. Hyman, Larry S. Hyman, C.P.A., Tampa, FL, pro se.

***ORDER DENYING WOODBURY FINANCIAL SERVICES, INC.'S MOTION FOR RULE 9011 SANCTIONS***

**(Doc. No. 221)**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing with notice on January 25, 2005, to consider

Woodbury Financial Services, Inc.'s Motion For Rule 9011 Sanctions (Woodbury). (Doc. No. 221). Woodbury contends that 21st Century Communications, Inc. (the Debtor) violated Rule 9011 of the Federal Rules of Bankruptcy Procedure by including Woodbury in certain portions of the Debtor's Amended Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act, the Florida Civil Remedies for Criminal Practices Act, the Federal Securities Exchange Act, the Florida Blue Sky laws, Fraudulent Misrepresentation, Fraud, and Negligent Supervision. (Doc. 130). In its Amended Complaint, the Debtor listed the defendants including Woodbury and then set up the term "participants" to refer to all of them. The Debtor made many allegations in its Amended Complaint by referring only to "participants." Woodbury contends that these allegations are false and were made without reasonable investigation into the facts. Woodbury requests that this Court impose sanctions against the Debtor pursuant to F.R.B.P. 9011 and dismiss the Debtor's Amended Complaint.

■ This Court has considered the argument made by Woodbury and is satisfied that sanctions are not appropriate in this case. In order for sanctions to be imposed, Rule 9011 requires a finding by the court that a party made factual contentions to the court without factual support or reasonable belief there would be factual support. F.R.B.P. 9011(b)(3). In this case, no factual statement made by the Debtor in the Amended Complaint is untrue. The basic difficulty is that the Debtor lumped together numerous defendants in its Amended Complaint without enough specificity. Therefore, this Court holds that no sanctions should be imposed on the Debtor pursuant to Rule 9011. However, this Court is also satisfied that the Debtor's Amended Complaint lacks the specific-

ity necessary to identify the defendants to whom certain allegations apply. Therefore, this Court holds that the Debtor shall have thirty (30) days from the entry of this Order to amend its Complaint in order to clarify this lack of specificity.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Woodbury Financial Services Inc.'s Motion for Rule 9011 Sanctions be, and the same is hereby, denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that 21st Century Inc.'s Amended Complaint be, and the same is hereby, dismissed and 21st Century shall have thirty (30) days from the date of this Order to amend its Complaint.